# UNITED STATES COURT OF APPEALS

**UNPUBLISHED**

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 01-4706

RUSSELL GARNET TURNER,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-99-71-V)

Submitted: July 26, 2002

Decided: August 30, 2002

Before WILKINS, MOTZ, and TRAXLER, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

### COUNSEL

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Russell Garnet Turner appeals his conviction and sentence of 360 months imprisonment after his guilty plea to conspiracy to possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Turner's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), addressing whether the district court abused its discretion in denying Turner's motion to withdraw his guilty plea but stating that in his opinion there were no meritorious issues for appeal. Turner has filed a pro se brief challenging the validity of his guilty plea, arguing his counsel provided ineffective assistance, and asserting other substantive challenges to the validity of his conviction and sentence. The Government has moved to dismiss Turner's appeal because Turner waived his right to appeal in his plea agreement.

Whether a defendant validly waived his right to appeal is a question of law, which this court reviews de novo. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). A waiver of a defendant's right to appeal contained in a valid plea agreement is enforceable if it is "the result of a knowing and intelligent decision to forego the right to appeal." *United States v. Wessells*, 936 F.2d 165, 167 (4th Cir. 1991). We have reviewed Turner's plea agreement and the Fed. R. Crim. P. 11 hearing and conclude Turner knowingly and intelligently waived his right to appeal. Further, we have reviewed Turner's pro se claims challenging the validity of the plea agreement due to counsel's actions and find them to be without merit. Thus, we grant the Government's motion to dismiss the appeal based on the waiver provision in the plea agreement as to all claims except for Turner's claims of ineffective assistance of counsel, which are not precluded by the waiver.

Turner argues counsel failed to investigate, failed to challenge the 21 U.S.C. § 851 (2000) information, and failed to protect his interests. Turner also argues his appellate counsel was ineffective because counsel filed an *Anders* brief when Turner had meritorious issues for appeal. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, the

presumptive rule is that ineffective assistance of counsel claims must be pursued in a 28 U.S.C. § 2255 (2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. A review of the record does not conclusively establish that counsel was ineffective. Accordingly, Turner's claim must be brought, if at all, in a collateral proceeding, and we affirm as to these claims.

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we grant the Government's motion to dismiss as to all claims except Turner's ineffective assistance claims; as to those claims, we affirm. We deny Turner's motion for substitute counsel. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART, AFFIRMED IN PART*