**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-7079**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

RUSSELL GARNET TURNER,

    Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.   Richard L.
Voorhees, District Judge.  (5:99-cr-00071-RLV-5)

Submitted:  February 27, 2012  Decided:  March 29, 2012

Before MOTZ, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Russell Garnet Turner, Appellant Pro Se. Amy Elizabeth Ray,
Assistant United States Attorney, Asheville, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Russell Turner appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) (2006) motion for reduction of sentence. We affirm.

I

Turner pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). The indictment did not allege a specific drug amount. The Government filed an 18 U.S.C. § 851 information, thereby subjecting Turner to a penalty of "not more than 30 years" for his offense. See 21 U.S.C. § 841(b)(1)(C) (2000).

Turner stipulated in his plea agreement that he was responsible for at least fifty grams, but not more than 150 grams, of cocaine base. His base offense level was 32. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (1998). Two levels were added for obstruction of justice. See USSG § 3C1.1. His total offense level was 34, his criminal history category was VI, and his advisory Guidelines range was 262–327 months.

Turner qualified as a career offender. Because, under § 841(b)(1)(C), the maximum term of imprisonment to which he was subject was thirty years, his offense level as a career offender was 34. His criminal history category as a career offender was

VI.  See USSG § 4B1.1.  Turner's advisory Guidelines range as a career offender was 262-327 months — the same range as that calculated under the Drug Quantity Table.

The district court sentenced Turner in 2001 to 360 months in prison — above the advisory Guidelines range.  The court did not explain its reason for this departure.

Turner appealed.  We dismissed the appeal in part and affirmed in part.  We concluded that Turner had knowingly and intelligently waived his right to appeal all claims except claims of ineffective assistance of counsel and that his claim of ineffective assistance lacked merit.  United States v. Turner, 43 F. App'x 704 (4th Cir. 2002).

II

In his § 3582(c)(2) motion, Turner sought the benefit of Amendment 706 of the Guidelines, which reduced the base offense levels applicable to most offenses involving cocaine base.  We review the denial of a § 3582(c)(2) motion for abuse of discretion.  United States v. Goines, 357 F.3d 469, 476 (4th Cir. 2004).

Under § 3582(c)(2), the district court may modify the term of imprisonment "of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered," if the amendment is listed in the Guidelines as

3

retroactively applicable. 18 U.S.C. § 3582(c)(2); see also USSG § 1B1.10, p.s. Further, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under . . . § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B), p.s. The commentary to the guideline reiterates that:

> [e]ligibility for consideration under § 3582(c)(2) is triggered by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range.

USSG § 1B1.10, comment. (n.1(A)). Amendment 706 applies retroactively.


                                III

Application of Amendment 706 does not have the impact of lowering Turner's Guidelines range. Under USSG § 2D1.1, Turner's base offense level is reduced from 32 to 30, see USSG § 2D1.1(c)(5) (2008), and his advisory Guidelines range is 210-262 months. However, Turner is a career offender. His Guidelines range under USSG § 4B1.1 is unaffected by Amendment

4

706, and it remains 262-327 months.  Because this is higher than the range calculated under the Drug Quantity Table, it is the determinative Guidelines range.  Amendment 706 thus did not "have the effect of lowering [Turner's] applicable Guidelines range."  <u>See</u> USSG § 1B1.10, comment. (n.1(A)).  Accordingly, the district court correctly denied the motion for reduction of sentence.

IV

We therefore affirm.  We deny the motion for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5